CATHARINE TILTON, APPELLANT, *v.* CLARENCE ORMSBY, EXECUTOR, ETC., OF JOSEPH TILTON, DECEASED, AND WILLIAM V. TILTON, RESPONDENTS.

10h  7
f 55ad407

*Examination as to effects of deceased persons— Chap.* 394, *of* 1870 — *Inadmissibility of testimony objectionable under* § 399 *of Code — Order for delivery of property to executor — Evidence justifying — Form of order.*

Under chapter 394, of 1870, authorizing an executor or administrator to institute an inquiry as to any effects of the deceased, believed to be withheld or concealed from him, the surrogate acts judicially in conducting the examination, and the testimony receivable therein is subject to the restrictions of section 399 of the Code, prohibiting the admission of evidence given by parties interested in the proceeding as to personal transactions had with the deceased.

In order to justify an order requiring the delivery of the property to the executor or administrator, the surrogate must find, as a fact, that it belongs to the estate; it is not enough that he should determine that there is probable cause to believe that it belongs to it.

The order should specify distinctly the property, delivery of which is required, and an order, which, after specifying certain articles, proceeds, "and all other property, goods, etc., of the said (deceased), in her possession or under her control at her place of residence," is too broad and must be reversed.

APPEAL from an order of the surrogate of Orange county, made in pursuance of chapter 394, of 1870, requiring the appellant to deliver to the defendant Ormsby as executor of her deceased husband, certain articles of personal property, and in case of her failure so to do ordering that a warrant issue.

The defendant William V. Tilton was a beneficiary in remainder under the will.

*Waring & Headley,* for the appellant.

*Scott & Hirschberg,* for the respondents.

BARNARD, P. J.:

The surrogate does not seem to have determined the question on which the order could be based. The plaintiff is the widow of Joseph Tilton, deceased. The will was executed July 24, 1875. The defendants are the executors of the will.

By chapter 394 of the Laws of 1870, it is provided that any executor who "shall have reasonable grounds to believe that any goods, chattels, credit or effects of the deceased  *  *  *  shall not have

been delivered to such executor, * * * and upon satisfying the surrogate of the county in which said letters shall theretofore have been issued, by affidavit, that there are reasonable grounds for suspecting that any such effects are concealed or withheld, such executor or administrator shall be entitled to a subpœna, * * * to such persons as may be designated by said executor or administrator, requiring them to appear * * * for the purpose of being examined touching the estate and effects of the deceased." After making provisions to compel attendance of such person when subpœnaed, the act provides, section 5 : " If upon the inquiry it shall appear to the officer conducting . the same that any effects of the deceased are concealed or withheld, and the person having the possession of such property shall not give the security in the next section specified for the delivery of the same, such officer shall issue his warrant directed to the sheriff, marshals and constables of the city or county where such effects may be, commanding them to search for and seize the said effects, and for that purpose, if necessary, to break open any house in the day-time, and to deliver the said property so seized to the executor or administrator of the deceased. * * * " · The executor procured a subpœna directed to Catharine Tilton, appellant under this act. She appeared and was not called. Evidence was given by the executor, tending to show that certain savings bank books and three notes, amounting to about $600 together, belonged to the deceased. Mrs. Tilton appeared herself as a witness to prove a gift to her by her husband of the property in question, a few days before his death. I think the surrogate properly rejected her testimony. By section 398 of the Code, a witness cannot be excluded for interest in any court and before any person " acting judicially," except as qualified by section 399. This section 399 excludes all interested witnesses and persons from testifying to any personal transaction or communication with a deceased person, as against an executor. Mrs. Tilton comes within the person excluded by section 399. The surrogate was acting judicially in this inquiry. Mrs. Tilton then gave evidence tending to show the gift by her two daughters a short time before testator's decease and after the will was made. The surrogate, instead of finding that any effects of the deceased are concealed or withheld, finds that it was made to appear by the proofs taken on the application, " that there

is reasonable ground to believe that certain goods, chattels, credits and effects of the deceased, and of which he had possession at the time of his death," specifying one savings bank book, one note made by Chambers for $200, and two notes of Pallon, of $200 each, "are concealed or withheld from the said executor by Catharine Tilton, the widow of the said Joseph Tilton, deceased." He has not found the gift to be good, or the contrary, only that there is reasonable ground to believe the property to belong to the estate after hearing the evidence. Satisfactory and reasonable belief justified the inquiry. What was the result of the evidence before the surrogate as to the title? He has not said this. The order for the warrant is also too broad. The order specifies distinctly the property which there is reason to believe appellant had in her possession belonging to the estate. Instead of ordering these items only to be delivered, and her house to be broken open to obtain them in case of refusal, the order includes "all the other property, goods, chattels, credits and effects of the said Joseph Tilton, deceased, in her possession or under her control at her place of residence." No evidence was given of any other property besides that specifically named, and yet by the order, if she should give that up, still her house may be broken open to search for unnamed and unproven property under a general search for the property of Joseph Tilton, deceased.

I think the order should be reversed, with costs.

Gilbert and Dykman, JJ., concurred.

Decree of surrogate reversed, with costs and disbursements.